**Motion Granted; Order filed July 16, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-13-00502-CV
_____

**CHRISTINE E. REULE, Appellant**

**V.**

**M & T MORTGAGE, M & T BANK BAYVIEW LOAN SERVICING, LLC, BAYVIEW FINANCIAL TRADING GROUP, LP, BAYVIEW FINANCIAL LP AND HUGHES, WATTERS, ASKANASE, LLP, Appellees**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-75636**

---

## ORDER

On June 25, 2013, appellant, who is appearing *pro se,* filed a timely motion in this court challenging the trial court's June 24, 2013, ruling sustaining a contest to her affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1), (2). According to recent changes to the Texas Rules of Appellate Procedure concerning claims of

indigence, when a motion to review the trial court's ruling on indigence is filed, the trial court clerk and the court reporter must prepare, certify, and file the record of the hearing on the contest to the claim of indigence within three days after the motion is filed. *See* Tex. R. App. P. 20.1(j)(3). No record has been filed.

Rule 20.1provides that if the appellate court does not deny a motion within 10 days after the motion is filed, this motion is granted by operation of law. Tex. R. App. P. 20.1(j)(4). This new rule places a heavy burden on the trial court clerk and the court reporter to act expeditiously in preparing, certifying, and filing the hearing record. If the trial court clerk and the court reporter do not file the hearing record within 10 days after the filing of the motion, as in this case, this court has no ability to review the merits of the motion, and the motion is granted by operation of law regardless of whether the motion has merit. Tex. R. App. P. 20.1(j)(4).

More than 10 days have passed since the motion was filed, and appellant's motion was granted by operation of law. Accordingly, appellant may proceed on appeal without the advance payment of costs.

Therefore, we **ORDER** the Harris County District Clerk and the official court reporter, **Norma Duarte**, to prepare, certify, and file the appellate record without the advance payment of costs. *See* Tex. R. App. P. 20.1(k). According to information provided by the Harris County District Clerk, the trial court has not yet signed a final judgment. The record will be due in this court **60 days,** or 120 days if a post-judgment motion is filed, after the final judgment has been signed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.